```
     IN THE UNITED STATES DISTRICT COURT
   FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                    Criminal Action No. 5:06CR17
                                                          (STAMP)
LATONIA R. BRYANT,

        Defendant.


**MEMORANDUM OPINION AND ORDER**
**MEMORIALIZING PRONOUNCED ORDER**
**DENYING DEFENDANT'S MOTION FOR NEW COUNSEL**

This order memorializes a pronounced ruling by this Court made from the bench denying the oral motion for new counsel of defendant, Latonia R. Bryant, just prior to a hearing on April 12, 2006 to consider a plea agreement regarding an information filed in this case pursuant to Federal Rule of Criminal Procedure 11. Defendant is named in a one-count information charging conspiracy to distribute more than 50 grams of cocaine base.

On April 6, 2006, this Court received a letter from defendant's counsel, Assistant Federal Public Defender Brendan S. Leary ("AFPD Leary"), stating that the defendant expressed a desire to have new counsel appointed on her behalf. On April 12, 2006, the defendant in the above-styled criminal action, by her counsel, orally made a motion for new counsel. This Court then considered that motion prior to consideration of the defendant's guilty plea in connection with her signed plea agreement. In support of the motion, the defendant articulated the following reasons: (1) counsel has not satisfactorily explained the possibility that the

defendant could be assessed at sentencing a two-level enhancement for the .25 caliber pistol seized pursuant to a search warrant; (2) counsel has been unable to procure evidence to be used against the defendant, specifically tapes of certain drug purchases; (3) counsel rushed the defendant to sign a plea agreement; and (4) the defendant is uncomfortable proceeding with counsel.

Assistant United States Attorney John C. Parr ("AUSA Parr") responded to the oral motion by stating that the .25 caliber pistol that was found in the defendant's apartment is not referred to in the plea agreement. Instead, if the plea of guilty is accepted, AUSA Parr intends to provide all of the information regarding the pistol to the United States Probation Office and the defendant will then have the opportunity to object to any enhancement which may be recommended in the presentence report. Further, AUSA Parr agreed to allow the defendant and AFPD Leary to view the videotape of any drug transaction dealing with her case, but cannot at this time agree to provide a copy of any videotape to the defendant or her counsel.

On evaluating a defendant's motion for new counsel, a trial court must (1) consider the timeliness of the motion, (2) inquire thoroughly as to the factual basis of the defendant's dissatisfaction and (3) consider the extent of the breakdown in communication between the defendant and her counsel. United States v. Mullen, 32 F.3d 891, 895-97 (1994). At the hearing on the oral

motion conducted on April 12, 2006, this Court addressed each of these factors.

First, the defendant's motion is timely because it was made before the plea agreement was entered and a Rule 11 hearing was conducted. Second, this Court adequately inquired into the defendant's complaint and the attorney-client conflict. This Court provided the defendant with an opportunity to explain all of the reasons why she believed her counsel has not, at this point, adequately represented her. Third, the defendant's complaints are not so meaningful that it results in a total lack of communication preventing an adequate defense. The defendant's argument that there was a firearms enhancement included in the plea agreement that she did not think should be included is unfounded. AFPD Leary notified the defendant that in all likelihood she would be assessed a two-level enhancement for the .25 caliber pistol. AFPD Leary also sent a letter to the defendant regarding the possibility of the two-level enhancement. This Court finds that AFPD Leary advised the defendant of what appears to be the possibilities that could occur under the now advisory Federal Sentencing Guidelines and that the defendant and her counsel would have a right to object to any finding in the presentence report, if and when that finding becomes a basis for sentencing.

One important reason that the defendant's complaints do not result in a total lack of communication is that this Court will not allow the defendant to enter a guilty plea that she does not feel

she should enter, even though she has already signed a plea agreement on the information. The Government has the ability to seek an indictment before the grand jury. At that time, the defendant can provide any defenses as to any firearms count or related charge, if such charge is presented. Accordingly, this Court finds that there has not been at this time a total lack of communication preventing an adequate defense.

Defendant's final contention that defendant is uncomfortable with her counsel is not relevant to this Court's inquiry. The fact that the defendant feels uncomfortable with her counsel is not an adequate factual basis to support a motion for new counsel. The Sixth Amendment does not guarantee a "meaningful relationship" or good rapport with an attorney, but merely requires adequate representation. See Morris v. Slappy, 461 U.S. 1, 13-14 (1983). This Court finds that the relationship between the defendant and her counsel at this time does not represent a breakdown in communication.

This Court finds that the defendant's motion for new counsel must be DENIED. Further, the plea hearing is CONTINUED and will be rescheduled if and when necessary. The parties shall advise this Court if and when a new Rule 11 hearing is desired.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to the defendant, to counsel of record herein, to the United States Probation Office and to the United States Marshals Service.

DATED:    April 14, 2006

                                    /s/ Frederick P. Stamp, Jr.
                                    FREDERICK P. STAMP, JR.
                                    UNITED STATES DISTRICT JUDGE